[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14274
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 99-10035-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jermaine Mathis was convicted of cocaine and crack cocaine offenses in 2003. Pursuant to the Sentencing Guidelines, the district court found that Mathis's base offense level for these crimes was 24. The district court sentenced Mathis as a career offender, however, with a base offense level of 34 and a criminal history category of VI; this resulted in a sentencing range of 262 to 327 months. The district court sentenced Mathis to 262 months.

Mathis then moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and the district court denied the motion. This *pro se* motion was based on Amendments 506, 706, 711, 713, and 715 to the Sentencing Guidelines.[1] Mathis now appeals the denial of this motion, arguing (again *pro se*) that the district court erred in concluding that his present claims had already been adjudicated in a previous § 3582(c)(2) motion. Specifically, although he acknowledges that he filed a previous § 3582(c)(2) motion based on Amendment 706, Mathis emphasizes that the present motion is also based on Amendments 506 and 715. He argues that Amendment 715 would lower his offense level by two levels—from 24 to 22—and Amendment 506 would then reduce the applicable

---

[1] Mathis does not renew his challenges based on Amendments 711 and 713 in this appeal. Moreover, to the extent Mathis relies on Amendment 706, his appeal fails under the law-of-the-case doctrine. Under this doctrine, an issue decided at one stage of the litigation, and not challenged on appeal, is binding at later stages of the same case. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). Because the district court denied Mathis's initial challenge under Amendment 706, and Mathis did not appeal that decision, he cannot now argue that Amendment 706 reduces his sentence.

sentence under the career offender provision. After reviewing the briefs and record, we affirm.[2]

Although a district court generally cannot modify a term of imprisonment once it has been imposed, § 3582(c)(2) provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). If a retroactive amendment does not have the effect of lowering the defendant's applicable guideline range, then a reduction of a term of imprisonment based on that amendment is not "consistent with applicable policy statements issued by the Sentencing Commission"; such a reduction is not, therefore, authorized under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B). Importantly, proceedings under § 3582 do not constitute a *de novo* resentencing; rather, "all

---

[2] In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). "Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." *Id.* at 984 n.1.

3

original sentencing determinations remain unchanged." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

Here, Mathis's Amendment 715 argument is unavailing. Mathis was sentenced as a repeat criminal, such that his offense level of 34 was based on the career-offender Sentencing Guideline, § 4B1.1(b)(B), not on the drug-crime sentencing guideline, § 2D1.1(c)(8). As a result, although Amendment 715 would have reduced Mathis's base level from 24 to 22 had Mathis been sentenced pursuant to § 2D1.1(c)(8), that amendment has no effect on Mathis's sentence under § 4B1.1(b)(B). *See United States v. Moore*, 541 F.3d 1323, 1327–28 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 1601 (2009) (holding when a defendant is sentenced as a career offender and his guideline range is determined on that basis, he is not entitled to resentencing under § 3582(c)(2) because his guideline range would not change).

Mathis's argument pursuant to Amendment 506 also fails. Amendment 506 went into effect in 1994, several years before Mathis was originally sentenced. *See* U.S.S.G. App. C., Vol. 1 (Amend. 506). The Supreme Court then invalidated Amendment 506 in 1997—also before Mathis was sentenced. *See United States v. LaBonte*, 520 U.S. 751, 757–62 (1997). In short, Amendment 506 was not in effect at any time relevant to Mathis's sentencing.

4

None of the amendments Mathis has identified dictate that his sentence should be reduced. Accordingly, the district court's decision is affirmed.

**AFFIRMED.**